# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| O'NEIL MYERS, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 19-2173-KHV** |
| | ) | |
| KC HOPPS, LTD, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

O'Neil Myers brings suit against KC Hopps, LTD, Pan Fried, LLC, Pan Fried 2, LLC and

Chicken Emeritus, LLC alleging violations of Title VII of the Civil Rights Act of 1964.   On

January 18, 2019, plaintiff filed his complaint in the Circuit Court of Jackson County, Missouri.

See Exhibit B to Joint Notice Of Removal (Doc. #1) filed March 25, 2019.   On March 25, 2019,

defendants removed to the United States District Court for the Western District of Missouri.   See

Joint Notice Of Removal (Doc. #1).   On April 1, 2019, the Honorable Gary A. Fenner transferred

venue to this Court.   Order (Doc. #5).   On July 3, 2019, Magistrate Judge Teresa J. James found

that plaintiff had not yet served the summons and complaint on defendant Chicken Emeritus and

ordered him to show good cause in writing why he had not done so and why the Court should not

dismiss Chicken Emeritus from this action.   Notice And Order To Show Cause (Doc. #12) at 1-

2.   On July 12, 2019, plaintiff filed proof of service, which indicates that a private process server

effectuated service on Chicken Emeritus's registered agent on February 21, 2019.   Affidavit Of

Service (Doc. #14) at 1-2.   This matter comes before the Court on plaintiff's Response To Order

To Show Cause (Doc. #16) filed July 15, 2019.   For reasons stated below, the Court finds that

plaintiff has shown good cause why the Court should not dismiss the action against Chicken

Emeritus.

Under Rule 4(m), Fed. R. Civ. P., plaintiff has 90 days from the filing of the complaint or removal from state court to federal court to serve a defendant with the summons and complaint. If plaintiff does not timely serve a defendant, the Court may dismiss the action without prejudice against that defendant or order that plaintiff effect service within a specified time.   Fed. R. Civ. P. 4(m).   If plaintiff shows good cause for his failure to serve a defendant within 90 days, the Court will extend the time for service.   Id.   Absent a showing of good cause, the Court may still grant a permissive time extension or dismiss the case without prejudice.   See id.   In addition, pursuant to Rule 4(l)(1), unless a United States marshal or deputy marshal secures service, plaintiff must file the server's affidavit with the Court as proof of service.   Fed. R. Civ. P. 4(l)(1). Although plaintiff must file such proof of service, "[f]ailure to prove service does not affect the validity of service."   Fed. R. Civ. P. 4(l)(3).

Here, plaintiff states that before defendants removed this action to federal court, he timely served Chicken Emeritus under state law, as permitted by Fed. R. Civ. P. 4(e)(1).   He asserts that a private process server secured timely service of the summons and complaint on Chicken Emeritus and that on February 26, 2019, plaintiff's counsel attempted to electronically file the return of service with the state court.   Plaintiff's counsel, however, did not realize that the filing was unsuccessful until after defendants removed this action to federal court.

When plaintiff has failed to timely serve a defendant, mistake of counsel or inadvertence is typically not sufficient to show good cause.   In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996). Here, however, plaintiff has presented evidence which indicates that he did in fact timely secure service on Chicken Emeritus.   Because the requirement for filing proof of service under Rule 4(l)(3) does not affect the validity of service, the Court finds plaintiff has shown sufficient

cause that this action should not be dismissed against Chicken Emeritus.

**IT IS THEREFORE ORDERED** that plaintiff has shown good cause why defendant

Chicken Emeritus should not be dismissed for failure to secure service of process.

Dated this 6th day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
